**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-6090**

———————————

DONTE JAMAR GWYNN,

               Petitioner – Appellant,

     v.

HAROLD W. CLARKE, Director of the Virginia Department of Corrections,

               Respondent - Appellee.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, District Judge. (2:13-cv-00074-MSD-TEM)

———————————

Submitted: May 28, 2014          Decided: June 26, 2014

———————————

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Donte Jamar Gwynn, Appellant Pro Se. Steven Andrew Witmer, Senior Assistant Attorney General, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donte Jamar Gwynn seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing his 28 U.S.C. § 2254 (2012) petition as untimely. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Gwynn has not made the requisite showing. A one-year limitations period applies to the filing of § 2254 petitions under the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2244(d) (2012). The limitations period is

2

statutorily tolled for the time during which a properly filed application for state collateral review is pending. 28 U.S.C. § 2244(d)(2). The limitations period may be equitably tolled only when a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted).

On appeal, Gwynn does not challenge the calculations of the one-year limitations period. He appears to argue that he is entitled to equitable tolling because the Supreme Court of Virginia did not inform him of his federal filing deadline when it refused the appeal of his state habeas petition on August 8, 2012. Gwynn did not present this contention to the district court, and thus we may not consider it for the first time on appeal, absent certain limited circumstances not present here. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) ("[I]ssues raised for the first time on appeal generally will not be considered . . . [unless] refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice.").

In any event, Gwynn has not shown that the district court's dispositive procedural ruling is debatable. The record reflects that Gwynn's conviction became final on January 5,

2011, ninety days after his direct appeal was refused by the Supreme Court of Virginia. The limitations period ran for 237 days, until Gwynn executed his properly filed state habeas petition on August 30, 2011. The Supreme Court of Virginia refused Gwynn's petition for appeal of his state habeas petition on August 8, 2012. The remainder of his limitations began to run, and the period expired 128 days later on December 14, 2012. Because Gwynn's federal habeas petition was not executed until January 25, 2013, see Houston v. Lack, 487 U.S. 266 (1988), the petition was not timely filed.

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED